## Taylor, et al. v. Board of Trustees of the Greenville White Graded Common School District, et al.

### (Decided February 20, 1923.)

### Appeal from Muhlenberg Circuit Court.

Schools and School Districts—District Debt Securities and Taxation.—A graded common school district may vote bonds for the erection or improvement of school buildings, under section 4477, Acts 1922, even though the board of education of the district had theretofore levied $1.25 upon the one hundred dollars' worth of taxable property assessed for the purpose of taxation in said district, and a poll tax of the highest amount allowed by law on the same, to be used for the erection and equipment of buildings, for there may be levied in addition to the aforementioned tax, 25c on the one hundred dollars' worth of taxable property for the purpose of creating a sinking fund and to raise the money with which to pay interest on the said bonds.

HURBERT MEREDITH for appellants.

EAVES & SANDIDGE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant, C. W. Taylor, suing as a citizen, taxpayer and freeholder, of the Greenville graded common school

district for and on behalf of all other taxpayers in said
district, prayed an injunction restraining the board of
trustees of the said school district from issuing and sell-
ing bonds of the district for the purpose of building and
improving the school property of said district and from
levying any tax in excess of $1.25 on each and every
$100.00 worth of taxable property owned by white per-
sons in said district, with which to pay said bonds and
create a fund to pay the interest and create a sinking
fund to pay the bonds at maturity.

The petition states that prior to January 2, 1923,
school buildings in said district had become so out of re-
pair and inadequate that it was necessary for the board
of education in order to provide suitable building ap-
paratus and equipment for the needs of the school chil-
dren in said district, to provide means by which a new
and suitable building for their use could be constructed,
and that in order to provide the necessary buildings and
rooms for said purposes the said board caused to be
entered an order calling an election to be held in said
city, at which election the question of whether or not the
said district would issue and sell bonds in the sum of
$24,000.00, as provided by section 4477, Acts of 1922,
which will be found on page 47 of the Acts of 1922. It
is further averred in the petition that the election was
duly called and held and that 428 persons qualified to
vote in said election participated in said election by cast-
ing their ballot, of which number 386 voted in favor of
the bond issue and only 42 of said persons voting at said
election voted against said bond issue; that the results
of said election were held and properly certified as re-
quired by statute, and a copy of said certificate furnished
to M. C. Hughes, superintendent of public schools for
Muhlenberg county; that the school board duly assembled
at the office of the board in Greenville January 15, 1923,
for the purpose of and did canvas the returns of said
election, and thereupon issued a certificate reciting and
declaring the result as aforesaid; and the board there-
upon ordered bonds for the district to issue in the sum
of $20,000.00 to be used for furnishing school buildings
and apparatus; that the taxable property of said district
owned by white persons amounts to over $1,230,000.00,
and that the board of education had theretofore levied
for the purpose of maintaining and operating the said
school in the said district the sum of $1.25 upon each

$100.00 worth of taxable property within the said district owned by white persons, and also the highest poll tax on all male persons allowable under the law; that no part of the proceeds of said levy of $1.25 *ad valorem* or poll tax could be devoted by the board to the creation of a sinking fund and the interest on the proposed bonds; that the said board exceeded its authority in undertaking to levy in addition to the highest rate allowable by law, $1.25 on each $100.00 worth of taxable property owned by white persons in said district, at least an additional twenty-five cents on each $100.00 worth of said property for the purpose of creating a sinking fund and raise money to pay the interest on the said bonds; that the said levy of twenty-five cents for said purpose is unlawful and beyond the power of the said board of education; that because of the inability of the board to provide a sinking fund and interest fund for the said bonds, no bonds could be issued, because there were no means provided for the payment of either the interest or the principal at maturity; that the said election is and was void for the reason that the board had already exercised its full powers of levying and collecting taxes for the current year and had devoted the same to a purpose other than provided for the payment of interest or sinking fund charges on the proposed bond issue; because the district has no fund and no means of raising funds, for the reason above set out, with which to pay the interest and sinking fund charges on said bonds. It is further shown by the petition that the public spirited citizens of the town of Greenville had raised by subscription before the election the sum of $37,000.00, which was to be devoted in conjunction with the bond issue to the building of proper school structures, and that the said sum unduly and improperly influenced many persons to vote for the said bond issue in order to obtain the benefits of said subscription amounting to about $37,000.00, which were conditioned upon the voting of the said bonds; that unless enjoined and restrained from so doing the board of education would issue the said bonds and sell the same in violation of law and in excess of its lawful authority levy at least twenty-five cents on each $100.00 worth of taxable property owned by said persons in said district in excess of its lawful taxing power.

The trial court sustained a general demurrer to the petition and upon appellant's failure to further plead, the petition was dismissed, and he appeals.

It is admitted by appellant that the election was regularly called and held and that more than two-thirds of the voters voting at said election voted in favor of the said bond issue. The act of 1922, section 4476, found on page 45 of the said act, provides as follows:

"Boards of trustees of graded common school districts are hereby authorized and empowered to levy each year not later than the last Saturday in June, a tax for establishing, maintaining and operating the common schools of their respective districts, at a rate not less than twenty-five (25c) cents, and not to exceed one dollar and twenty-five ($1.25) cents upon each one hundred ($100.00) dollars of taxable property within the district and owned by white persons; and also, a poll tax on each white male inhabitant within the district over twenty-one (21) years of age, not exceeding two dollars ($2.00); and shall also levy a sufficient amount to provide for the payment of interest and for sinking fund purposes for the next fiscal year, and the tax accruing from so much of said levy as is made for the payment of interest and sinking fund purposes shall be by said board of trustees at once irrevocably set aside and used for these purposes and not otherwise; and said interest and sinking fund provisions as above provided shall include the interest and the sinking fund for the entire outstanding bonded indebtedness of said board." From this section it is apparent that the board of education may not only levy $1.25 *ad valorem* on each $100.00 of taxable property of white persons living in the district for maintainance purposes but may also levy a poll tax of not exceeding two dollars ($2.00) on each male white person over twenty-one years of age, and also a sufficient amount to provide for the payment of interest and for sinking fund purposes for the next fiscal year, which said last named fund shall be irrevocably set aside for the payment of interest and the formation of a sinking fund to take up bonds at maturity. It therefore appears that the board of education did not exceed its authority in levying the twenty-five cents (25c) on each one hundred ($100.00) dollars of taxable property of white persons in the district, to be used to pay interest on the bonds and to create a sinking fund to take up the bonds at maturity.

As it is admitted by appellant that the board of education of the district had a right to submit the question of whether the district should issue bonds to the amount of $20,000.00 for the purpose of erecting school buildings, as provided by section 4477, Acts of 1922, page 47, we perceive no reason why the bonds may not be properly issued by the said board as said board has already provided for the funds to pay the interest upon the bonds and to create a sinking fund to absorb them at maturity.

It appearing that the election was properly called and held and the bond issue carried by more than two-thirds majority, and that a sinking fund is provided from which the interest on the bonds may be paid as it accrues, and the said bonds liquidated at maturity, there is no reason why the board of education may not issue the bonds as it was about to do at the time of the institution of this action. The trial court properly sustained the demurrer to the petition.

Judgment affirmed.